OPINION
{¶ 1} Defendant-appellant Regina M. Lowry ("mother") appeals the April 30, 2002 Entry of the Guernsey County Court of Common Pleas, Domestic Relations Division, denying mother's objections to the magistrate's February 26, 2002 Decision and adopting said decision as the judgment of the court. Plaintiff-appellee is Shawn D. Lowry ("father").
1. STATEMENT OF THE FACTS AND CASE
 {¶ 2} Mother and father were married on April 23, 1998, in Cambridge, Ohio. One child was born as issue of said union, to wit: Kody (DOB 6/28/99). The parties separated in February, 2001. Father filed a complaint for divorce in the Guernsey County Court of Common Pleas, Domestic Relations Division, on July 20, 2001. Mother subsequently filed an answer. The trial court issued a temporary order establishing a parenting schedule, which provided each parent to have Kody on alternating six week intervals.
 {¶ 3} The matter came on for hearing before the magistrate on February 15, 2002. In a Decision filed February 26, 2002, the magistrate concluded father should be named the custodial and residential parent of Kody. The magistrate further concluded father should have parenting time in four week blocks followed by two week blocks during which mother received parenting time. Mother filed objections to the magistrate's decision. With respect to the issues herein, mother objected to the magistrate's awarding custody of Kody to father, and the magistrate's recommended parenting schedule.
 {¶ 4} Via Entry filed June 17, 2002, the trial court denied mother's objections to the magistrate's decision, and adopted said decision as the judgment of the court. It is from this entry mother appeals, raising the following assignments of error:
"I. The magistrate and trial court erred when it awarded custody to appellee Shawn Lowry instead of to appellant, Regina Lowry.
 {¶ 5} "II. The trial court erred when it terminated the six week alternating plan of visitation."
1. I
 {¶ 6} In her first assignment of error, mother maintains the magistrate and the trial court erred in awarding custody of Kody to father. Specifically, mother contends the trial court failed to consider the factors set forth in R.C. 3109.04(F)(1), and failed to make a finding mother was the primary caretaker of the child.
 {¶ 7} Because custody issues are some of the most difficult and agonizing decisions a trial judge must make, he or she must have wide latitude in considering all the evidence and such decision must not be reversed absent an abuse of discretion.Davis v. Flickinger(1997),77 Ohio St.3d 415, 418 (Citation omitted). "Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court."Bechtol v. Bechtol(1990), 49 Ohio St.3d 21, syllabus. "The reason for this standard of review is that the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page."Davis, supra at 418. In Seasons Coal Co. v. Cleveland(1984),10 Ohio St.3d 77, 81, the Ohio Supreme Court explained: "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not."
R.C. 3109.04(F)(1), which sets forth the factors a trial court must consider in determining the best interest of the child, states, in pertinent part: "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:(a) The wishes of the child's parents regarding the child's care; (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court; (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest; (d) The child's adjustment to the child's home, school, and community; (e) The mental and physical health of all persons involved in the situation; (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights; (g) Whether either parent has failed to make all child support payments * * *;(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense * * *; (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court; (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
In the instant action, a review of the magistrate's Findings of Fact reveals the magistrate did, in fact, consider the factors enumerated in R.C. 3109.04(F)(1) in determining it would be in Kody's best interest for father to be designated the residential parent. The record reveals neither parent was the primary caregiver. Prior to the parties' separation, Kody's paternal great grandmother cared for the child while father and mother worked and/or slept. Father worked a night shift until 4:30 a.m., and slept during the day. After the separation, this caregiving arrangement with great grandmother continued when father had his parenting time. Kody enjoyed daily contact with his paternal great grandmother, his paternal grandmother, aunts, uncles and cousins.
 {¶ 8} During the period between the parties' separation and mother's relocation to Georgia, mother was involved with a number of men who were less than ideal. One of mother's boyfriends, with whom she was living, locked her in a bedroom after becoming enraged. Another boyfriend had a prior rape conviction. Mother, who is underage, went on drinking binges with a 16 year old girlfriend. Father provided the majority of parenting during this time. In May, 2001, mother moved to Georgia, where she resided with Kody's maternal grandmother. Kody had limited contact with this grandmother prior to mother's relocation.
 {¶ 9} Based upon the foregoing and upon review of the entire record, we find there was a substantial amount of credible and competent evidence to support the trial court's designation of father as the residential parent. We further find the trial court did not abuse its discretion in doing so.
 {¶ 10} Mother's first assignment of error is overruled.
1. II
 {¶ 11} Alternatively, mother argues if the trial court did not err in awarding custody of Kody to father, the trial court's termination of the temporary order of custody was erroneous.
Modification of visitation rights is governed by R.C. 3109.051. Braatzv. Braatz(1999), 85 Ohio St.3d 40, paragraph one of the syllabus. R.C.3109.051(C) provides: "When determining whether to grant companionship or visitation rights to a parent, grandparent, relative, or other person pursuant to this section or section 3109.11 or 3109.12 of the Revised Code, when establishing a specific visitation schedule, and when determining other visitation matters under this section or section 3109.11
or 3109.12 of the Revised Code, the court * * * shall consider all other relevant factors, including, but not limited to, all of the factors listed in division (D) of this section. (Emphasis added). The trial court must consider whether modification of visitation is in the child's best interest. Braatz at paragraph two of the syllabus. The best interest of the child is judged by the non-exclusive list of factors provided in R.C. 3109.051(D). Id. The decision of a trial court with respect to visitation matters may be reversed only if it is found to constitute an abuse of discretion. Id. at 45. "Abuse of discretion" connotes the trial court's judgment was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore(1983),5 Ohio St.3d 217.
 {¶ 12} In modifying the temporary orders, which provided for alternating six (6) weeks of parenting time for mother and father, to the final order, which provided for four (4) weeks with father and two (2) weeks with mother, the trial court noted Kody's tender years (R.C.3109.051(D)(4)); the physical distance between the parties (R.C.3109.051(D)(2) (14)); the child's inability to understand the parenting schedule (R.C. 3109.051(D)(7)); the child's need for stability, and his interaction and interrelationship with his Ohio relatives (R.C.3109.051(D)(1) and R.C. 3109.04(F)(1)(c)). Based upon those factors, the trial court concluded it was in Kody's best interests to make such modification. We find no abuse of discretion in the trial court's modification of the parties' parenting time.
 {¶ 13} Mother's second assignment of error is overruled.
The Entry of the Guernsey County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
Gwin, P.J. and Edwards, J. concur.
Topic: modification of temporary order of parenting schedule no an abuse of discretion; R.C. 3109.04(F) factors in determining custody.